IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY L. KING,<br><br>    Plaintiff,<br><br>        v.<br><br>TRUIST BANK,<br><br>    Defendant. | CIVIL ACTION FILING NO.:<br><br>_____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Truist Bank ("Truist") submits this Notice of Removal from the State Court of DeKalb County, in which the above-captioned matter is pending, to the United States District Court for the Northern District of Georgia, Atlanta Division and in support states:

### Procedural History

1. Plaintiff Timothy L. King filed a Complaint in the State Court of DeKalb County, State of Georgia, under Case Number 22A04566, on November 23, 2022. Truist was served with the Complaint on December 8, 2022.

2. The Complaint refers to an attached affidavit. Truist was not served with the affidavit, but the undersigned counsel has obtained a copy from the State

1

Court of DeKalb County. The Complaint and affidavit are attached as **Exhibit 1**.

3. A Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) if it is "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

4. This Notice of Removal is timely. It is filed within thirty days after Truist was served with the Complaint on December 8, 2022, as prescribed by 28 U.S.C. § 1446. *See also* Fed. R. Civ. P. 6(a).

### Removal Jurisdiction – Federal Question

5. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

6. Federal courts have jurisdiction to hear, originally or by removal from state court, cases where federal law creates the cause of action being alleged or when a claimant's right to relief depends on the resolution of a substantial question of federal law. *See Franchise Tax Board v. Constr. Laborers Vacation Trust*, 436 U.S. 1, 9 (1982) (explaining that "a case '[arises] under' federal law where the vindication of a right under state law necessarily turns on some construction of federal law").

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331

because a federal statute—the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.—creates the cause of action being alleged.

8. The FCRA requires furnishers of credit information to "verify the sufficiency and accuracy of the [reported] information when notified by a consumer reporting agency of a credit-report dispute." *Chipka v. Bank of Am.*, 355 F. App'x 380, 383 (11th Cir. 2009) (citing 15 U.S.C. § 1681s–2(b)). In particular, a plaintiff alleging a FCRA claim must plead that: "(1) he notified a CRA [consumer reporting agency] that he disputed the completeness or accuracy of information in his credit report, (2) the CRA gave notice of the dispute to the appropriate furnisher, and (3) the furnisher either (a) failed to conduct a reasonable investigation of the identified dispute, (b) failed to review all of the relevant information provided by the CRA, (c) failed to report the results of its investigation to the notifying CRA, or (d) if an item is found to be inaccurate, incomplete, or unverifiable, failed to modify, delete, or permanently block the reporting of that information." *Lewis v. Ally Fin., Inc.*, No. 1:21-CV-3839, 2022 WL 1286587, at *3 (N.D. Ga. Feb. 9, 2022), *report and recommendation adopted*, 2022 WL 1286554 (N.D. Ga. Mar. 22, 2022). Moreover, a FCRA claim cannot survive "without some supportable allegation that the reported information is inaccurate or incomplete." *Id.* (citation omitted).

9. The Complaint and attached affidavit allege that Truist furnished

inaccurate credit reporting by reporting two late payments to the credit bureaus that Plaintiff claims were not late. Plaintiff also alleges that he made repeated disputes to all three consumer reporting agencies, but that Truist purportedly failed to remove the inaccurate reporting for five months, at which point a customer service representative allegedly located the reporting error while on the phone with Plaintiff. Although Plaintiff does not label his cause of action, his factual allegations clearly attempt to track the FCRA elements.

10.     Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11.     Thus, because Plaintiff's claims arise under the laws of the United States, removal of this action is appropriate under 28 U.S.C. § 1441.

### Venue

12.     The United States District Court for the Northern District of Georgia, Atlanta Division, is the proper venue for this action because it is the federal district court that embraces the State Court of DeKalb County, the forum in which the

original action was filed.  *See* 28 U.S.C. §§ 90(a)(2), 1441(a).

## Procedural Requirements

13.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Truist in the State Court of DeKalb County action are attached as **Exhibit 1**.

14.  Truist is filing a copy of this Notice of Removal with the State Court of DeKalb County, as required by 28 U.S.C. § 1446(d).  A true and correct copy of the Notice of Filing Notice of Removal is attached as **Exhibit 2** and is incorporated by reference.

15.  Truist is also serving a copy of its Notice of Removal upon Plaintiff as required by 28 U.S.C. § 1446(d).

## Conclusion

By filing this Notice of Removal, Truist does not waive any defenses, whether procedural or substantive, that may be available to it, including, but not limited to, any defenses available under Federal Rule of Civil Procedure 12.  Truist expressly reserves and does not waive its right to amend this Notice of Removal or its right to offer evidence supporting the Court's jurisdiction over this action.

WHEREFORE, Truist hereby removes Case Number 22A04566, now pending in the State Court of DeKalb County, Georgia, to this Court for all further

proceedings.

DATED: January 9, 2023.

                                                    McGuireWoods LLP

/s/ *M. Laughlin Allen*
M. Laughlin Allen (GA Bar 901999)
1230 Peachtree Street NE, Suite 2100
Atlanta, Georgia 30309
Tele: (404) 443-5500
Fax: (404) 443-5599
mlallen@mcguirewoods.com
*Attorney for Truist Bank*

## CERTIFICATE OF SERVICE AND
## COMPLIANCE WITH LOCAL RULE 5.1B

I hereby certify that a true and correct copy of the foregoing was served on the following on the 9th day of January 2023, by regular mail, postage prepaid:

Timothy L. King
1006 Palmer Road
Lithonia, GA 30058

*Pro Se Plaintiff*

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

*/s/ M. Laughlin Allen*
M. Laughlin Allen (GA Bar 901999)