# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY L. KING,<br><br>    Plaintiff,<br><br>        v.<br><br>TRUIST BANK,<br><br>    Defendant. | CIVIL ACTION FILING NO.:<br><br>1:23-CV-00095-JCF |

## TRUIST BANK'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant Truist Bank ("Truist") submits this Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment pursuant to Local Rule 56.1.

1. Plaintiff Timothy L. King ("Plaintiff") claims that Truist "erroneously reported" two late payments on his Home Equity Line of Credit account, ending in -5998 ("Account") for April and May 2022. (Dkt. 1-1 at 5.)

2. Plaintiff opened the Account on October 28, 2021 by agreeing to the Truist Equity Line Account Agreement and Disclosure Statement ("Account Agreement"). (Exhibit A, Declaration of Lisa Young ("Young Decl."), Ex. 1.)

1

3. The Account Agreement provides that Plaintiff will receive periodic statements for the Account that "will identify the Minimum Payment [he] must make for that billing period and the date it is due." Young Decl. Ex. 1 at 4. The periodic statements show credit advances, finance charges, payments, other credits, the previous balance, and the new balance on the Account. *Id.* at 3.

4. The Account Agreement makes clear that "[p]ayments in excess of your Minimum Payment will not relieve you of your obligation to make your Minimum Payments in the future. Instead, they will be applied to any Option and/or Advance balance at Lender's sole discretion." Young Decl. Ex. 1 at 6. Plaintiff admitted that the Account Agreement did not allow for payments in excess of the minimum amount due to be applied to the next month's payment. Exhibit B, Defendant Truist Bank's First Requests for Admission to Timothy L. King ("Truist RFA") No. 5.

5. The Account statement dated January 30, 2022 reflects that a minimum payment of $1,153.22 was due on February 25, 2022. Young Decl. Ex. 2; Truist RFA No. 1.

6. An interim Account statement dated February 21, 2022 shows that a payment of $1,600 was made on the Account on February 3, 2022. Young Decl. Ex. 3; Truist RFA No. 2.

7. The February 21, 2022 interim Account statement does not reflect any late fees assessed on the Account. Young Decl. Ex. 3. Plaintiff admitted that Truist did not assess late fees on the Account in February 2022. Truist RFA No. 8.

8. The February 3, 2022 payment of $1,600 satisfied the amount due on the Account for February 25, 2022. Young Decl. ¶ 8; Ex. 2.

9. The Account statement dated February 28, 2022 shows that $676.96 was due on the Account by March 25, 2022. Young Decl. Ex. 4; Truist RFA No. 3.

10. The February 28, 2022 Account statement does not reflect any late fees assessed on the Account. Young Decl. Ex. 4. Plaintiff admitted that Truist did not assess late fees on the Account in February 2022. Truist RFA No. 8.

11. The statement dated March 31, 2022 shows that no payment was made on the Account in March 2022. Young Decl. Ex. 5. Plaintiff admitted that he made no payment on the Account in March 2022. Truist RFA No. 4.

12. The January 30, 2022 and February 21, 2022 Account statements did not allow for payments in excess of the minimum amount due to be applied to the next month's payment. Young Decl. Ex. 2 at 1; Ex. 3 at 1. The statements allowed only for additional payments to be made to the principal, and made clear that the minimum payment must be made before additional amounts would be applied to principal. *Id.* Plaintiff admitted that the Account statements did not allow for

payments in excess of the minimum amount due to be applied to the next month's payment. Truist RFA No. 6.

13. Even if Plaintiff's $1,600 payment on February 3, 2022 could have been used to pay both his February and March 2022 obligations, that payment would not have satisfied the amounts due for both February 25, 2022 ($1,153.22) and March 25, 2022 ($676.96), which totaled $1,830.18. Young Decl. ¶ 11; Ex. 2, 4. Plaintiff admitted the same. Truist RFA No. 7.

14. The March 31, 2022 Account statement does not reflect any late fees assessed on the Account. Young Decl. Ex. 5. Plaintiff admitted that Truist did not assess late fees on the Account in March 2022. Truist RFA No. 8.

15. The statement dated March 31, 2022 shows that the Account was due for $1,353.92 on April 25, 2022. Young Decl. Ex. 5; Truist RFA No. 9.

16. On April 26, 2022, Truist sent Plaintiff a letter stating it had not received the required payment for March 25, 2022 and that he owed $1,353.92 on the Account. Young Decl. Ex. 6.

17. The statement dated April 30, 2022 reflects a $930 payment made on the Account on April 28, 2022. Young Decl. Ex. 7; Truist RFA No. 10.

18. The $930 payment was not only made past the payment deadlines for both March and April, but it was not enough to cover the minimum amount due on

the Account on April 25, 2022: $1,353.92. Young Decl. ¶ 14; Ex. 5–7. Plaintiff admitted the $930 payment was not enough to cover the amount due. Truist RFA No. 11.

19. As of April 25, 2022, the Account was 30 days past due for the March 2022 payment. Young Decl. ¶ 15; Ex. 5–7.

20. The April 30, 2022 statement shows that a payment of $1,134.72 was due on May 25, 2022. Young Decl. Ex. 7; Truist RFA No. 12. It also shows that a late fee of $33.84 was assessed on April 4, 2022. Young Decl. Ex. 7.

21. The statement dated May 31, 2022 shows that no payment was made on the Account in May 2022. Young Decl. Ex. 8. Plaintiff admitted he made no payment on the Account in May 2022. Truist RFA No. 13.

22. When Plaintiff failed to make a payment in May 2022, the Account became 60 days past due for the March 2022 payment and 30 days past due for the April 2022 payment. Young Decl. ¶ 17; Ex. 5–7.

23. On May 24, 2022, Truist sent Plaintiff a letter stating the Account was two payments past due. Young Decl. Ex. 9.

24. In June and July 2022, Plaintiff disputed Truist's reporting of the late payments on the Account with the consumer reporting agencies ("CRAs"). Young

Decl. Ex. 10; 11. Plaintiff claimed in the first dispute that Truist received adequate payments and that the Account was current. Young Decl. Ex. 10.

25. The CRAs then forwarded Plaintiff's disputes to Truist, as the furnisher of the Account information, for investigation. The CRAs sent the disputes to Truist via automated credit dispute verification ("ACDV") forms. Young Decl. Exs. 10, 11.

26. On July 14, 2022, Truist responded to the first ACDV from Plaintiff, which Truist received from CRA Experian. Young Decl. Ex. 10. Truist's ACDV response reflected that the Account was one month late in April 2022 by placing a "1" in the April 2022 payment history box, and two months late in May 2022 by placing a "2" in the May 2022 payment history box. *Id.* Under industry guidance, "1" is used to show an account is 30–59 days past due, and "2" is used to indicate an account is 60–89 days past due. Exhibit C, Excerpts from 2022 Credit Reporting Resource Guide, Consumer Data Industry Association, at 4-11.

27. On August 5, 2022, Truist responded to a second ACDV, this time from CRA Trans Union. Young Decl. Ex. 11. Truist's second ACDV response reflected that the Account was one month late in May 2022 by including a "1" in the May 2022 payment history box. *Id.*

28. By August 31, 2022, the information that Truist furnished to the credit bureaus no longer showed late payments for April and May 2022. Young Decl. ¶ 21. Plaintiff admitted that in August 2022, Truist no longer reported the late payments alleged in the Complaint. Truist RFA No. 14.

29. Plaintiff admitted that he was not declined credit between July 14, 2022, when Truist responded to the first ACDV, and August 2022, at which time Truist had stopped reporting the late payments alleged in the Complaint. Truist RFA No. 15.

30. Plaintiff has submitted no evidence of damages caused by the FCRA violation he alleges.

Respectfully submitted this 16th day of October, 2023.

/s/ Joseph M. Englert
Joseph M. Englert (GA Bar 112409)
M. Laughlin Allen (GA Bar 901999)
McGuireWoods LLP
1075 Peachtree Street NE,
35th Floor
Atlanta, Georgia 30309-3900
Tele: (404) 443-5500
Fax: (404) 443-5599
jenglert@mcguirewoods.com
mlallen@mcguirewoods.com

Katherine E. Lehnen
*(Admitted Pro Hac Vice)*
McGuireWoods LLP
800 East Canal Street

Richmond, Virginia 23219
Tel.: (804) 775-1000
Fax: (804) 775-1061
klehnen@mcguirewoods.com

*Attorneys for Truist Bank*

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on October 16th 2023, I electronically filed *Truist Bank's Statement of Undisputed Material Facts* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

Chaka Michael Douglas  
cmdouglas@wd-law.net

Harold L. Johnson  
hljohnson@wd-law.net

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

/s/ Joseph M. Englert  
Joseph M. Englert (GA Bar 112409)  
M. Laughlin Allen (GA Bar 901999)  
McGuireWoods LLP  
1075 Peachtree Street NE  
35th Floor  
Atlanta, Georgia 30309-3900  
Tele: (404) 443-5500  
Fax: (404) 443-5599  
jenglert@mcguirewoods.com  
mlallen@mcguirewoods.com

Katherine E. Lehnen  
*(Admitted Pro Hac Vice)*  
McGuireWoods LLP  
800 East Canal Street  
Richmond, Virginia 23219  
Tel.: (804) 775-1000  
Fax: (804) 775-1061  
klehnen@mcguirewoods.com

*Attorneys for Truist Bank*

180226975_1