IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY L. KING, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRUIST BANK, ) <br> ) <br> Defendant. ) | CIVIL ACTION FILE NO. <br> 1:23-CV-00095-JCF |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AND PLAINTIFF'S ADDITIONAL MATERIAL FACTS PRESENTING A GENUINE ISSUE FOR TRIAL**

COMES NOW Plaintiff Timothy L. King and, pursuant to Local Rule 56.1(B)(2), files his Response to Defendant's Statement of Undisputed Material Facts, as well as additional material facts presenting a genuine issue for trial, respectfully showing the Court as follows:

**RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS**

1. Not disputed.

2. Not disputed.

3. Not disputed.

4. Plaintiff disputes that he admitted that the Account Agreement did not allow for payments in excess of the minimum amount due to be applied to next month's payment. Contemporaneously with the filing of these Responses, Plaintiff has filed a Motion to Withdraw Admissions. Furthermore,

1

Defendant's evidence demonstrates that Defendant applied overpayments to the next month's payment. Young Decl. Ex. 2, 4.

5. Plaintiff states that the document speaks for itself; Plaintiff does, however, dispute that the amounts allegedly owed and reflected on the document were accurately calculated. King Decl., ¶¶ 4, 8.

6. Not disputed.

7. Not disputed. Plaintiff further states that it has filed a Motion to Withdraw Admissions contemporaneously with the filing of these responses.

8. Not disputed.

9. Plaintiff states that the document speaks for itself; Plaintiff does, however, dispute that the amounts allegedly owed and reflected on the document were accurately calculated. King Decl., ¶¶ 4, 8.

10. Not disputed. Plaintiff further states that it has filed a Motion to Withdraw Admissions contemporaneously with the filing of these responses.

11. Plaintiff states that the document speaks for itself. Plaintiff further states that it has filed a Motion to Withdraw Admissions contemporaneously with the filing of these responses.

12. Plaintiff disputes that payments in excess of the minimum amount due could not be applied to next month's payment. Defendant's evidence demonstrates that Defendant applied overpayments to the next month's payment. Young

Decl. Ex. 2, 4. Furthermore, contemporaneously with the filing of these Responses, Plaintiff has filed a Motion to Withdraw Admissions.

13. Plaintiff disputes that payments in excess of the minimum amount due could not be applied to next month's payment. Defendant's evidence demonstrates that Defendant applied overpayments to the next month's payment. Young Decl. Ex. 2, 4. Plaintiff disputes that the amounts allegedly owed and reflected on the document were accurately calculated. King Decl., ¶¶ 4, 8. Furthermore, contemporaneously with the filing of these Responses, Plaintiff has filed a Motion to Withdraw Admissions.

14. Not disputed. Plaintiff further states that it has filed a Motion to Withdraw Admissions contemporaneously with the filing of these responses.

15. Plaintiff states that the document speaks for itself; Plaintiff does, however, dispute that the amounts allegedly owed and reflected on the document were accurately calculated. King Decl., ¶¶ 4, 8.

16. Plaintiff states that the document speaks for itself; Plaintiff does, however, dispute that the amounts allegedly owed and reflected on the document were accurately calculated. King Decl., ¶¶ 4, 8.

17. Not disputed.

18. Plaintiff disputes that the amounts allegedly owed and reflected on the document were accurately calculated. King Decl., ¶¶ 4, 8. Furthermore,

contemporaneously with the filing of these Responses, Plaintiff has filed a Motion to Withdraw Admissions.

19. Disputed. Plaintiff disputes that the amounts allegedly owed and the due dates were accurately calculated. King Decl., ¶¶ 4, 8.

20. Plaintiff states that the document speaks for itself; Plaintiff does, however, dispute that the amounts allegedly owed and reflected on the document were accurately calculated. King Decl., ¶¶ 4, 8.

21. Plaintiff states that the document speaks for itself; Plaintiff does, however, dispute that the amounts allegedly owed and reflected on the document were accurately calculated. King Decl., ¶¶ 4, 8. Furthermore, contemporaneously with the filing of these Responses, Plaintiff has filed a Motion to Withdraw Admissions.

22. Disputed. Plaintiff disputes that the amounts allegedly owed and the due dates were accurately calculated. King Decl., ¶¶ 4, 8.

23. Plaintiff states that the document speaks for itself; Plaintiff does, however, dispute that the amounts allegedly owed and reflected on the document were accurately calculated. King Decl., ¶¶ 4, 8.

24. Not disputed.

25. Not disputed.

26. Plaintiff does not dispute that Defendant responded as stated but disputes the accuracy of the information contained in that response.  King Decl., ¶¶ 4, 8. 14; Ex. 8.

27. Plaintiff does not dispute that Defendant responded as stated but disputes the accuracy of the information contained in that response.  King Decl., ¶¶ 4, 8. 14; Ex. 8.

28. Not disputed.

29. Contemporaneously with the filing of these Responses, Plaintiff has filed a Motion to Withdraw Admissions.

30. Disputed.  *See* King Decl. and exhibits thereto.

## PLAINTIFF'S ADDITIONAL MATERIAL FACTS PRESENTING A GENUINE ISSUE FOR TRIAL

1. In or around February 2022, Plaintiff received correspondence that his line of credit account ("LOC") with Suntrust Bank had been transferred to Truist (the "2/2022 Transfer Letter").  King Decl. ¶ 2; Ex. 1.

2. The Bank failed to transfer all the payments on the old account to the new account with the Bank.  Plaintiff filed a dispute with the Bank regarding the same (Dispute No. 3296220637).  King Decl. ¶ 3.

3. Plaintiff continued to experience problems with the Bank as time went on.  For instance, during the period alleged in the Complaint, Plaintiff believes that the Bank misapplied payments and committed other errors

5

relating to his LOC which resulted in damage to me. The Bank's own statements and admissions support this. King Decl. ¶ 4.

4. Specifically, on or around April 29, 2022, the Bank notified Plaintiff that it had suspended his ability to obtain any additional advances on my LOC (the "4/29/22 Suspension Letter"). The reason specified by the correspondence was "Delinquency on this account." King Decl. ¶ 5; Ex. 2.

5. As a result of this action by the Bank, Plaintiff was unable to access his available credit for purchases. Upon information and belief, the allegations contained in the 4/29/22 Suspension Letter were untrue. King Decl. ¶ 6.

6. Plaintiff continued to receive correspondence from the Bank that alleged delinquency on his part, although he believed them to be in error. For example, Plaintiff received correspondence from the Bank dated May 24, 2022, alleging that his LOC account was two payments past due and that he owed $401.48 (the "5/24/22 Delinquency Letter"). The 5/24/22 Delinquency Letter further indicated that the alleged late payments could have a negative impact on his credit. King Decl. ¶ 7; Ex. 3.

7. The Bank confirmed Plaintiff's beliefs and concerns that it has committed errors related to his LOC account at least twice in

6

correspondence admitting and apologizing for errors related to the LOC account and reflecting corrective actions the Bank was forced to take to correct their mistakes (the "Error Acknowledgment Letters"). King Decl. ¶ 8; Ex. 4.

8. The Bank's apology and corrective actions proved too late, however. As a result of the Bank's errors and their subsequent inaccuracies reported to various Credit Reporting Agencies ("CRAs"), Plaintiff's credit score plummeted. He obtained a copy of a graph from CRA Experian on or around June 15, 2022 (after the inaccuracies were reported to them) showing his credit score, including a sharp decline around the time of the delinquencies alleged by the Bank. King Decl. ¶ 9; Ex. 5.

9. Plaintiff was denied credit by Travis Credit Union via correspondence dated May 27, 2022 ("Credit Denial Letter 1"). Page 2 of the Credit Denial Letter indicates that my credit score had fallen to 586. King Decl. ¶ 10; Ex. 6.

10. Plaintiff's company L&J Endeavors, Inc. was denied credit because of the credit history of its personal guarantor (Plaintiff) by Synchrony Bank (Lowes-GA) via correspondence dated June 5, 2022 ("Credit Denial Letter 2"). King Decl. ¶ 11; Ex. 7.

7

11. Plaintiff notified the CRAs that he disputed the information reported by the Bank. King Decl. ¶ 12.

12. On or around September 1, 2022, Plaintiff was notified by Transunion that it had taken corrective action on his account pursuant to his dispute (the "9/1/2022 Transunion Correspondence"). Specifically, they adjusted my rating and the maximum delinquency showing for his LOC with the Bank. The revised report reflects the "Pay Status" as "Current; Paid or Paying as Agreed" and indicates "OK" for payments ranging from 11/2021 through 06/2022. King Decl. ¶ 13; Ex. 8.

13. In addition to damage to Plaintiff's creditworthiness, the impact of the Bank's errors and insufficient investigation on his financial situation caused him to experience stress, anxiety, sleeplessness, feelings of humiliation, and bouts of depression as a result of the errors the Bank committed. King Decl. ¶ 14.

*{signature on following page}*

Respectfully submitted this 7 day of November, 2023.

>/s/ C. M. Douglas_
>Chuck M. Douglas
>Attorney for Plaintiff
>Georgia Bar No. 939932
>
>WAKHISI-DOUGLAS, LLC
>1055 Howell Mill Road– Suite 800
>Atlanta, Georgia 30318
>404-566-2320 (Phone)
>866-566-1232 (Facsimile)
>cmdouglas@wd-law.net

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY L. KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 1:23-CV-00095-JCF |
| TRUIST BANK, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on November 7, 2023, I electronically filed Plaintiff's Response to Defendant's Statement of Material Facts with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Joseph M. Englert
jenglert@mcguirewoods.com
M. Laughlin Allen
mlallen@mcguirewoods.com
Katherine E. Lehnen
klehnen@mcguirewoods.com

I further certify that I prepared this document in 14 point Times New Roman Font and complied with the margins and type requirements of this Court.

/s/ Chuck M. Douglas
Chuck M. Douglas
Attorney for Plaintiff
Georgia Bar No. 939932
WAKHISI-DOUGLAS, LLC
1055 Howell Mill Road– Suite 800
Atlanta, Georgia 30318
404-566-2320 (Phone)
866-566-1232 (Facsimile)
cmdouglas@wd-law.net

10